N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHELLE LYNN JOHNSON                                                                    PLAINTIFF

vs.                                      Civil No. 4:11-cv-04014

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michelle Lynn Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on April 18, 2008.  (Tr. 10, 81-86).  In her application, Plaintiff alleged she was disabled due to a rod in her left hip and knee and due to her diabetes.  (Tr. 94).  Plaintiff alleged an onset date of January 1, 2003.  (Tr. 10, 81).  This application was denied initially and again on reconsideration.  (Tr. 44-45).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 15-43, 58-60, 78-80). An administrative hearing was held on July 14, 2009 in Little Rock, Arkansas. (Tr. 15-43). At the administrative hearing, Plaintiff was present and was represented by Charles Barnette. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Mr. Charles Dwight Turner testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed part of the twelfth grade in high school. (Tr. 18-19).

On September 25, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 10-14). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 18, 2008, her application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairments: status post leg injury with hardware placement in the right hip and knee and diabetes mellitus. (Tr. 11, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-13, Finding 4). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand/walk up to 6 hours in an 8 hour workday; sit up to 6 hours in an 8 hour workday with the opportunity to stand or sit at will; no frequent or repetitive bend[ing], stooping, crouching, kneeling, or crawling; and claimant must

be able to use a single point cane for ambulation but not standing. (Tr. 11-13, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 13, Finding 5). The ALJ also evaluated whether Plaintiff could perform other work even with her limitations. (Tr. 13-14, Finding 9). The VE testified at the administrative hearing on this issue. (Tr. 39-42). Based upon that testimony, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 14). Specifically, the ALJ determined Plaintiff would be able to perform representative occupations such as assembler (unskilled, sedentary) with 50,000 such jobs in the regional economy and 400,000 such jobs in the national economy. (Tr. 14, 40). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since April 18, 2008 (application date) until September 25, 2009 (date of the ALJ's decision). (Tr. 14, Finding 10).

On September 28, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On January 21, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On February 3, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 10, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.　**Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ improperly determined her RFC; and (B) the ALJ erred in evaluating her credibility.[2] ECF No. 8 at 1-4. In response, Defendant argues the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally sufficient reasons and properly determined she was capable of performing a significant number of jobs in the local and national economy. ECF No. 9 at 4-9. This Court will address both Plaintiff's arguments for reversal.

　　A.　**RFC Determination**

Plaintiff claims the ALJ improperly determined her RFC. ECF No. 8 at 2-4. Plaintiff raises several specific claims regarding the ALJ's RFC determination. *Id.* This Court will address each of these claims separately.

First, Plaintiff claims the ALJ did not properly consider her right shoulder "muscle spasms."

---

[2] It appears Plaintiff raises three arguments for reversal with three different argument headers. ECF No. 8. After reviewing Plaintiff's briefing in this matter, however, Plaintiff has actually only raised these two different arguments. Thus, this Court will only evaluate the two arguments Plaintiff actually raised.

ECF No. 8 at 2. Plaintiff claims a follow-up record from April 23, 2007 demonstrates she suffers from these spasms. (Tr. 168). This Court has reviewed this record. It states that Plaintiff injured her shoulder when she was involved a fight. *Id.* Further, as of the date of that appointment, Plaintiff had already been able to remove the sling from her right arm, had a "markedly improved" range of motion, and was only ordered to follow-up "as needed." *Id.* Clearly, this record does not demonstrate disabling shoulder pain, and the ALJ properly considered this record.

Second, Plaintiff appears to claim the ALJ did not properly consider the findings from a general physical examination which was performed at the direction of the SSA by Dr. Michael Young, M.D. (Tr. 199-204). Plaintiff claims this report lists her impairments as pain resulting from a motor vehicle accident in 2003, lower back pain, and diabetes. (Tr. 199). Upon review, Plaintiff is correct that these impairments are listed in Dr. Young's report. (Tr. 199-204). Also in the report, however, this physician found Plaintiff had a full range of motion in her left and right shoulders, elbows, wrists, hands, hips, knees, ankles, cervical spine, and lumbar spine. (Tr. 201). Dr. Young found "No" muscle spasms. *Id.* Thus, based upon this entire report, this Court finds the ALJ properly considered the findings contained in it.

Third, Plaintiff appears to claim the ALJ did not properly consider the x-rays of her lumbar spine. (Tr. 203). On September 19, 2008, Dr. Michael C. Young, M.D. took x-rays of Plaintiff's lumbar spine. *Id.* Plaintiff has not provided any indication as to what portion of these x-rays may be significant. ECF No. 8 at 2-4. Upon review, Dr. Young's findings are unremarkable. In fact, Dr. Young found the following regarding Plaintiff's lumbar spine: "On her lateral view of her LS spines, her vertebral bodies appear to be normal and her disc spaces are well maintained." (Tr. 203). Thus, this Court finds the ALJ did not err in considering these x-rays.

Fourth and finally, Plaintiff appears to claim the ALJ did not properly consider her chest x-ray. (Tr. 222). Dr. William R. Brown, M.D. took a chest x-ray of Plaintiff on March 14, 2009. *Id.* With this chest x-ray, Dr. Brown found the following: "Diminished pulmonary expansion with interval development of mild cardiac enlargement and moderate perihilar and basilar pulmonary opacities in pattern mist suggestive of pulmonary edema, as discussed above." *Id.* Based upon this x-ray, Plaintiff was diagnosed with pneumonia and dyspnea or shortness of breath. (Tr. 223-224).

Plaintiff's other medical records, however, demonstrate she was addicted to tobacco and smoked one pack per day. (Tr. 204, 237). The ALJ referenced Plaintiff's tobacco addiction and noted Plaintiff had been advised to stopped smoking but had disregarded this advice. (Tr. 12). Such a failure to follow a prescribed course of remedial treatment, including cessation of smoking, without good reason is grounds for denying an application for benefits. *See Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997). Thus, this Court finds the ALJ did not err in considering Plaintiff's chest x-ray.

### B.     Credibility Determination

Plaintiff claims the ALJ erred by following the requirements of *Polaski*. ECF No. 8 at 3. Plaintiff does not explain *how* the ALJ specifically failed to comply with the requirements of *Polaski*. *Id.* Thus, this Court will evaluate the general requirements of *Polaski* and determine whether the ALJ complied with those requirements.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny,

7

follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ found Plaintiff's subjective complaints were not entirely credible. In making this finding, the ALJ noted the following: (1) Plaintiff was able to live alone and

---

the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

perform a wide variety of daily activities; (2) Plaintiff only sporadically went to the doctor; (3) Plaintiff took no medications to combat her pain; and (4) Plaintiff worked only sporadically prior to her alleged onset date. (Tr. 11-13). Based upon these findings, the ALJ's credibility determination is supported by good reasons and should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination.").

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of January, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE